IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ESMEREGILDO ALMAGER,

      Petitioner,

v.                                                              CIV 11-0162 JCH/KBM

ERASMO BRAVO, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents.


# ORDER TO FILE RECORD PROPER
# &
# TRANSCRIPT OF TRIAL

      Among other crimes, a jury convicted Petitioner Esmeregildo Almager of various aggravated felonies involving a deadly weapon. The sentencing judge deemed certain of Petitioner's "gratuitous violence." Because of his habitual offender status, Petitioner is serving a sentence of seventy-two years. *See, e.g., Doc. 10* at 3-4; *Doc.10-1* at 1-5.

      He filed a petition for a writ of habeas corpus relief under 28 U.S.C. § 2254, Doc. 1, and because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case, *e.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008). Petitioner raises four claims, three of which relate to an alleged witness to the crime – "Tiffany" – who also was

living with Petitioner at the time.  Petitioner and Tiffany testified at trial and the trial judge did not allow the defense to introduce Tiffany's "My Space" entries to impeach her.  *See Doc. 10-1* at 13-21.  According to documents on appeal, the My Space entries were made part of the Record Proper.  *Id.* at 53 (citing "RP 452").

In the direct appeal filed by counsel, Petitioner claimed that the "My Space" ruling violated the Confrontation Clause.  *See id.* at 25  (citing *Davis v. Alaska,* 415 U.S. 308 (1974) and federal and state constitutions); *id.* at 52-53 (same).  The New Mexico Court of Appeals did not review the claim because "defendant's memorandum in opposition" did not "assert that the argument was preserved."  *Doc. 10-2* at 4.  However, nothing in the present federal record indicates that defense counsel or the Court of Appeals reviewed the actual record to ascertain whether the argument was preserved.  Indeed, the criminal docket sheet indicates that the trial was taped, not transcribed, and all of the citations on direct appeal are limited to the paper court file.  *See id.* at 26 (docketing statement contains no citations and notation that "[a]ll proceedings were audio tape recorded by the court monitor **to the best of counsel's knowledge, information and belief.**") (emphasis added); *id.* at 45 & n.1 ("all facts are obtained from the docketing statement . . . Calendar notice . . . or the Record Proper"); *see also State v. Almager,* D-1226-CR-200700001 (entries 2/20/08 showing 2/4/08 to 2/8/08 trial "Tap: Jury Trial CD 1" numbers "429, 432, 434, 436, 437").

When counsel petitioned the New Mexico Supreme Court for certiorari, he raised the Confrontation Clause issue as a substantive one and did not mention the preservation aspect of the Court of Appeals opinion.  *Id.* at 17-18.  The Court denied certiorari without comment.  *Id.* at 47.

In his June 17, 2010, *pro se* state petition seeking habeas corpus relief included

Petitioner's assertion that his attorney was ineffective "in violation of the Sixth Amendment" because "counsel failed to investigate – failed to perfect appeal – preserve issue on appeal." *Id.* at 49.  He also raised the Confrontation Clause claim as a substantive claim.  *Id.* at 50.   In his "second" state petition filed October 4, 2010, Petitioner specifically raised these identical two claims, as well as others.  *See Doc. 10-3* at 7-8.

The trial judge's original summary dismissal of the first state petition, if there was one, is not in the present federal record.  The trial judge's  "September 10, 2010 at 8:42 a.m." summary dismissal is labeled "amended."  *See Doc. 10* at 6-7.  The "amended" dismissal does not mention counsels' ineffectiveness for failing to "perfect" and "preserve" the appellate issue, nor does it address the merits of the Confrontation Clause claim.  *See Doc. 10-3* at 1-4.  The same is true of opinion that summarily dismisses the second petition.  *See Doc. 10-3* at 18-19.

The September "amended" opinion does, however, address other aspects of the ineffectiveness claim relating to the "My Space" page.  The Court's reasoning in part rests on trial testimony and takes issue with Petitioner's characterization of the testimony.  The decision seems based on the trial judge's recollection, because the opinion does not indicate that the trial judge reviewed the trial proceedings nor cite to the record of the trial testimony.  *See id* at 1-4.

The subsequent petition for certiorari purported to attach both state habeas petitions, but only second state habeas appears as an attachment in the federal record.  The certiorari petition itself raised the confrontation issue and alluded to the ineffectiveness issues highlighted above.  Moreover, the attached second state petition clearly raised them.  *See id.* at 26-28, 30, 36-37. The New Mexico Supreme Court again denied certiorari without comment.  *Id.* at 47.

Respondents "do not expressly waive the exhaustion requirement," but they do acknowledge that the New Mexico Supreme Court did review the *pro se* allegations and found

they "lacked merit." *Doc. 10* at 10. Furthermore, they state that if the petition "is not summarily dismissed and an order is entered," they "will address the merits of any one or more of the grounds raised in the Petition" and "assert that each and every claim fails to establish any violation of a federal constitutional right justifying federal habeas corpus review and relief." *Id.* at 14.

Based on this initial review of the Respondent's answer, I conclude that the trial judge's September "amended" findings arguably accepted that appellate counsel's failures constituted "cause" and excused whatever procedural defect the Court of Appeals rested on in avoiding a decision on the Confrontation Clause. In addition, the New Mexico Supreme Court's denials were on the merits and did not rely on any procedural rules. Thus, even though summary dispositions are entitled to AEDPA deference, this Court will be reviewing the clearly exhausted but unaddressed Confrontation Clause claim in the first instance. While the post-conviction ineffectiveness findings conceivably could have some bearing on the federal habeas claims, in reviewing the merits of the Confrontation Clause claim, this Court must necessarily review the trial testimony. *E.g., Morris v. Burnett,* 319 F.3d 1254, 1268-69 (10th Cir. 2003) (reviewing trial transcript in Confrontation Clause claim that *was* decided by the state court).[1]

---

[1] At this juncture, I take no position whether the presumption of correctness applies to the trial judge's findings concerning testimony without any consideration whatsoever of the actual state record. The Supreme Court recently declined to comment on whether, and to what extent, AEDPA review of the "reasonableness" of state factual findings relates to the AEDPA codification of the "presumption of correctness." *Wood v. Allen,* ___ U.S. __, 130 S. Ct. 841, 847-48 & n.1 (2010). The original habeas presumption of correctness statute made it clear that the presumption was not divorced the actual record of the state proceedings. The findings given the "presumption" where those "fairly supported by the record, considering 'that part of the record of the State court proceeding in which the determination of such factual issue was made.'" *E.g., Lafferty v. Cook,* 949 F.2d 1546, 1550 (10th Cir.1991) (quoting former 28 U.S.C. § 2254(d)(8)), *cert. denied,* 504 U.S. 911 (1992).
   Stated another way,

> One of the eight exceptions to this presumption of correctness . . . is where

I find no reason to approach Petitioner's claims piecemeal and, accordingly, am going to require an expansion of the record.  Because there is no indication that the trial proceedings were consulted during the state proceedings, for the purposes of my review and any subsequent appeal, I will exercise my discretion and ask that the State transcribe the tapes of the criminal trial.  Audio CD's for any other proceedings are sufficient.  *See* Rules 5(b)-©, RULES GOVERNING SECTION 2254 CASE IN THE UNITED STATES DISTRICT COURTS.

Therefore, the federal record should be expanded to include copies of:  all state documents that constitute the "Record Proper;" any tape logs; transcripts of trial; tapes of all other pretrial, trial, and post-trial proceedings; copies of the "My Space" pages at issue if they do not appear in the Record Proper; and all other relevant documentary or other evidence.  I will give Respondents ample time to locate the record, transcribe the trial proceedings, and address the merits of the federal claims as they indicated they would like to do.  I will also give Petitioner the opportunity to respond to Respondent's amended answer, if he wishes to do so. *See* Rule 5(e).

Wherefore,

**IT IS HEREBY ORDERED** that Respondents expand the federal record as provided above by Friday, July 22, 2011.

**IT IS FURTHER ORDERED** that, Respondents submit the substantive portion of their amended answer by Friday, August 12, 2011.

---

the federal habeas court, reviewing the state court record offered to support the factual finding, "on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record."

*Marshall v. Lonberger,* 459 U.S. 422, 432 (1983) (quoting  28 U.S.C. § 2254(d)(8)).

**IT IS FINALLY ORDERED** that, Petitioner may file his response to the amended answer by Friday, September 2, 2011.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE